| PROB 22 (Rev. 02/88) | DOCKET NUMBER (Tran. Court) 06-CR-57-C-01 |
|---|---|
| **TRANSFER OF JURISDICTION** | DOCKET NUMBER (Rec. Court) 08CR 361 |

| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT Western Wisconsin | DIVISION Madison |
|---|---|---|
| Dale L. Maki | NAME OF SENTENCING JUDGE Honorable Barbara B. Crabb | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM March 3, 2008 | TO March 2, 2013 |

FILED MAY 22 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

DOCKET # U.S. DISTRICT COURT WEST DIST. OF WISCONSIN MAY 19 2008 THERESA M. OWENS, CLERK CASE #

OFFENSE

Manufacturing 100 or More Marijuana Plants, in violation of 21 U.S.C. §841(a)(1)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

JUDGE SHADUR

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN

MAGISTRATE JUDGE VALDEZ

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the NORTHERN DISTRICT OF ILLINOIS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

April 2, 2008
Date

Barbara B. Crabb
United States District Judge

*This sentence may be deleted in the discretion of the transferring court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after entry of this order.

MAY - 5 2008
Effective Date

James F. Holderman
United States District Judge

A TRUE COPY, Certified
MAY 21 2008
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By_____
Deputy Clerk

U.S. DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS
DATE: MAY 15 2008

CLOSED, SINGLE_DEFT

# U.S. District Court
# Western District of Wisconsin (Madison)
# CRIMINAL DOCKET FOR CASE #: 3:06-cr-00057-bbc All Defendants
# Internal Use Only

Case title: USA v. MAKI, DALE L.

Date Filed: 03/10/2006

Assigned to: Chief Judge Barbara B Crabb

**Defendant**

Dale L. Maki (1)

represented by **Philip Sorensen**
Law Offices Of Philip J. Sorensen
410 West Lake Shore Drive
Ashland, WI 54806
7156824858
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Pending Counts**

CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE
(1-2)

CRIMINAL FORFEITURES
(3)

**Disposition**

Convicted/final plea of guilty.

Dismissed without prejudice

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

A TRUE COPY, Certified
MAY 2 1 2008
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By_____
Deputy Clerk

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

USA  represented by **Elizabeth Altman**
660 West Washington Avenue, #303
Madison, WI 53703
608-264-5158
Email: elizabeth.altman@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2006 | 1 | JS-45 (Entered: 03/10/2006) |
| 03/09/2006 | 2 | INDICTMENT (Entered: 03/10/2006) |
| 03/10/2006 |   | Jams Import Utility Entry (Entered: 03/10/2006) |
| 03/10/2006 |   | Criminal Charges/Counts (Entered: 03/10/2006) |
| 03/10/2006 |   | SUMMONS ISSUED; ARRG. SET FOR 4/6/06 AT 10:00 AM; DELIVERED TO USMS FOR SERVICE. (Entered: 03/22/2006) |
| 03/22/2006 | 3 | SUMMONS (Entered: 03/22/2006) |
| 04/06/2006 | 4 | CTRM. MIN: ARRG.; N.G. PLEA ENTERED; SCHEDULE SET; DEFT. RELEASED ON CONDITIONS. (SLC) 14 (Entered: 04/06/2006) |
| 04/06/2006 | 5 | ORDER SPECIFYING METHODS AND CONDITIONS OF RELEASE (SLC) CC MLD. (Entered: 04/07/2006) |
| 04/07/2006 | 6 | ORDER SCHEDULING. (SLC) (Entered: 04/07/2006) |
| 04/10/2006 | 7 | MOTION BY GOVT. FOR PROTECTIVE ORDER. (Entered: 04/10/2006) |
| 04/10/2006 | 8 | MOTION BY GOVT. FOR WRIT OF ENTRY. (Entered: 04/10/2006) |
| 04/13/2006 | 9 | ORDER - PROTECTIVE. CC MLD. (Entered: 04/13/2006) |
| 04/13/2006 |   | WRIT OF ENTRY ISSUED; RETURNED TO USA FOR SERVICE. (Entered: 04/13/2006) |
| 06/09/2006 |   | PLEA HEARING SET FOR 6/16/06 AT 8:30 AM. (Entered: 06/09/2006) |
| 06/16/2006 | 10 | CTRM. MIN: PLEA HRG.; CT. 1, GUILTY PLEA ENTERED; PSR DUE 8/3, OBJS. DUE 8/14, STCG. 8/24/06 AT 1:00; DEFT. DETAINED.18 (Entered: 06/16/2006) |
| 06/16/2006 | 11 | PLEA AGREEMENT (Entered: 06/16/2006) |
| 06/22/2006 | 12 | MOTION BY GOVT. FOR PRELIMINARY ORDER OF FORFEITURE. (Entered: 06/22/2006) |

| | | |
|---|---|---|
| 06/23/2006 | 13 | ORDER GRANTING GOVT. MOTION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE. (Entered: 06/23/2006) |
| 08/02/2006 | 14 | AFFIDAVIT OF PUBLICATION RE: NOTICE OF FORFEITURE. (Entered: 08/03/2006) |
| 08/24/2006 | 15 | CTRM. MIN: STCG.; CT. 1: CBOP: 24 MOS., 5 YRS. SR, $100 CA; CT. 3: PROPERTY IN HURLEY, WI FORFEITED; DEFT. DETAINED. 21 (Entered: 08/24/2006) |
| 08/29/2006 | 16 | JUDGMENT AND COMMITMENT ENTERED. (Entered: 08/29/2006) |
| 10/10/2006 | 17 | JUDGMENT AND COMMITMENT WITH MARSHAL RETURN (Entered: 10/11/2006) |
| 10/20/2006 | 18 | MOTION BY GOVT. FOR ENTRY OF FINAL ORDER OF FORFEITURE. (Entered: 10/20/2006) |
| 10/20/2006 | 19 | AFFIDAVIT OF ELIZABETH ALTMAN. (Entered: 10/20/2006) |
| 10/26/2006 | 20 | FINAL ORDER OF FORFEITURE. CC MLD. (Entered: 10/26/2006) |
| 01/10/2007 | 21 | USMS SERVICE RETURN RE: FINAL ORDER OF FORFEITURE. (Entered: 01/10/2007) |
| 05/19/2008 | 22 | Order Transferring Jurisdiction of Supervision to Northern District of Illinois. Signed by Judge Barbara B Crabb on 4/2/08. (mmo) (Entered: 05/21/2008) |
| 05/21/2008 | | Jurisdiction of Supervised Release Transferred to Northern District of Illinois as to Dale L. Maki. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (mmo) (Entered: 05/21/2008) |

DOC NO 2
REC'D/FILED
2006 MAR -9 PM 3:37
THERESA M. OWENS
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DALE L. MAKI, )<br>)<br>Defendant. )<br>) | INDICTMENT 06 CR 057 C<br>Case No. _____<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 853 |

THE GRAND JURY CHARGES:

COUNT 1

On or about February 25, 2006, in the Western District of Wisconsin, the

defendant,

DALE L. MAKI,

knowingly and intentionally manufactured 100 or more marijuana plants, a Schedule I

controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)

COUNT 2

On or about February 25, 2006, in the Western District of Wisconsin, the

defendant,

DALE L. MAKI,

knowingly and intentionally possessed with intent to distribute 100 or more marijuana

plants of marijuana, a Schedule I controlled substance.

A TRUE COPY certified
MAY 21 2008

Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By _____
     Deputy Clerk

(In violation of Title 21, United States Code, Section 841(a)(1).)

cc: DEFT., USA, USM, PROBA. FPD, SLC

Date  MAR 1 0 2006

By _____

## COUNT 3

1.As a result of the offense charged in Count One of this indictment, the defendant,

### DALE L. MAKI,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, his right, title, and interest in all property, real and personal, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the following:

> The real property located at 209 Cary Road, Hurley, Iron County, Wisconsin, Tax Parcel No. 36-0915-0000, more thoroughly described as:
>
> Lot Seventy-four (74) Northern Chief Iron Company's 6th Addition to the City of Hurley.

2.As a result of the offense charged in Count Two of this indictment, the defendant,

### DALE L. MAKI,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, his right, title, and interest in all property, real and personal, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the following:

> Real Property located at 350 West Silver Street, Ironwood, Gogebic County, Michigan, Parcel Number 2752-22-351-100, more thoroughly described as:
>
> The West Twenty-one (W-21') Feet of Lot number Sixty-one (61) and the East Sixteen (E-16') Feet of Lot Number Sixty (60), of King and Gentile's Addition to the City of Ironwood, Gogebic County, Michigan, according to the recorded Plat thereof.

3.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  Cannot be located upon the exercise of due diligence;

    b.  Has been transferred or sold to, or deposited with, a third person;

    c.  Has been placed beyond the jurisdiction of the Court;

    d.  Has been substantially diminished in value; or

    e.  Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant, up to the value of the above-forfeitable property.

(In violation of Title 21, United States Code, Section 853).

A TRUE BILL

*[signature]*

STEPHEN P. SINNOTT
United States Attorney

Indictment returned: _March 9, 2006_

3

# United States District Court
## Western District Of Wisconsin

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (for offenses committed on or after November 1, 1987) |
| V. | Case Number:    06-CR-57-C-01 |
| DALE L. MAKI | Defendant's Attorney:    Philip J. Sorensen |

The defendant, Dale L. Maki, pleaded guilty to count 1 of the indictment.

Counts 2 and 3 of the indictment are dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Manufacturing 100 or More Marijuana Plants, a Schedule I Controlled Substance; a Class B felony | February 25, 2006 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**Defendant's Date of Birth:**

**Defendant's USM No.:**

**Defendant's Residence Address:**

**Defendant's Mailing Address:**      ii

August 24, 2006
Date of Imposition of Judgment

*Barbara B. Crabb* (signature)
Barbara B. Crabb
District Judge

*August 28, 2006* (signature)
Date Signed:

A TRUE COPY. Certified
MAY 21 2008
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By _____ Deputy Clerk

Copy of this document has been provided to: US Atty, Def Counsel, DEA, USPO, USMS, Finance
this 29th day of Aug 2006
by _____
S. Vogel, Secretary to
Judge Barbara B. Crabb

# IMPRISONMENT

As to count 1 of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 24 months.

I recommend that defendant be afforded the opportunity to participate in the Bureau of Prisons' drug programs while confined and that he be afforded a pre-release placement in a residential re-entry center with work release privileges.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy Marshal

# SUPERVISED RELEASE

The term of confinement is to be followed by a five-year term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

As special conditions of supervised release, defendant is to:

(1) Register with local law enforcement agencies and the state attorney general as directed by the supervising U.S. probation officer;

(2) Submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition;

(3) Abstain from illegal drugs and from association with drug users and sellers and participate in substance abuse treatment. Defendant shall submit to drug testing beginning within 15 days of release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process; and

(4) Provide the supervising U.S. probation officer any and all requested financial information.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin.

Count 3 of the indictment provides for the criminal forfeiture of the property involved in the offense, pursuant to 21 U.S.C. § 853. As part of the plea agreement, defendant agreed to forfeit the property located at 209 Cary Road, Hurley, Wisconsin. Defendant's right, title and interest in the Hurley property are hereby forfeited.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.